# EXHIBIT A

# UNITED STATES DISTRICT COURT

for the

NC District of Wilson

Superior Division

Case No. 23 CVS 513
(to be filled in by the Clerk's Office)

Tamara Amber Jones
Plaintiff(s)
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Jury Trial: *(check one)* ☐ Yes ☒ No

Allied Universal Security Services
Defendant(s)
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

FILED
2023 APR 28 P 2:56
WILSON CO., C.S.C.
BY

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Tamara Jones |
| Street Address | 1008 Pecan Ct N. Apt. C |
| City and County | Wilson |
| State and Zip Code | North Carolina, 27893 |
| Telephone Number | (C) (252) 290-2970 (H)(252) 243-2522 |
| E-mail Address | TAJ9327@yahoo.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Allied Universal |
| Job or Title *(if known)* | Organization/Corporation |
| Street Address | 4000 Marriott Dr. Suite 510 |
| City and County | Raleigh / Wake County |
| State and Zip Code | North Carolina, 27612 |
| Telephone Number | (919) 781-8822 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

### C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Truist Data Center |
| Street Address | 49 Green Pace Rd |
| City and County | Zebulon, Wake County |
| State and Zip Code | North Carolina, 27597 |
| Telephone Number | N/a |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- [x] Failure to hire me.
- [x] Termination of my employment.
- [x] Failure to promote me.
- [ ] Failure to accommodate my disability.
- [x] Unequal terms and conditions of my employment.
- [x] Retaliation.
- [ ] Other acts *(specify)*: ________

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

July 2020 through September 2021

C. I believe that defendant(s) *(check one)*:

- [x] is/are still committing these acts against me.
- [ ] is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- [x] race
- [x] color
- [x] gender/sex
- [ ] religion
- [x] national origin
- [ ] age *(year of birth)* ________ *(only when asserting a claim of age discrimination.)*
- [ ] disability or perceived disability *(specify disability)*

E. The facts of my case are as follows. Attach additional pages if needed.

Due to defamation of character/name, discrimination based upon race/gender emotional distress I the plaintiff requests relief in the amount(s) of $300,000.00 for each claim of violation of the law.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

September 28, 2021

B. The Equal Employment Opportunity Commission *(check one)*:

- ☐ has not issued a Notice of Right to Sue letter.
- ☑ issued a Notice of Right to Sue letter, which I received on *(date)* ____________.

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

- ☐ 60 days or more have elapsed.
- ☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I request the court take into consideration compensatory & punitive damages for emotional harm/economic damages in result of intentional discrimination and retaliation. The goal of the law is to put the plaintiff in the same position that he or she would've been if the discrimination never occurred. This may include requests for relief in forms of back/front pay, court/attorney costs, and compensation for [illegible] employees.

TA

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 4/28/2023

Signature of Plaintiff: Tamara A Jones

Printed Name of Plaintiff: TAMARA A. JONES

### B. For Attorneys

Date of signing: ______

Signature of Attorney ______

Printed Name of Attorney ______

Bar Number ______

Name of Law Firm ______

Street Address ______

State and Zip Code ______

Telephone Number ______

E-mail Address ______

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Raleigh Area Office**
434 Fayetteville Street, Suite 700
Raleigh, NC 27601
(984) 275-4800
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: February 3, 2023

**To:** Tamara A. Jones
1608 Pecan Court North, Apt. C
WILSON, NC 27893
Charge No: 433-2022-00021

EEOC Representative and email: GENEROSA TABOR
Investigator
generosa.tabor@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 433-2022-00021.

On behalf of the Commission,

*For* Michael D. Kirkland
Area Director

8:35 LTE

AA aus.ethicspointvp.com

ISSUE TYPE: ISSUE INVOLVING EMPLOYEE RELATIONS AND HR

REPORT DETAILS

**Report Submission Date**
7/5/2021

**Reported Company/Branch Information**
Location Unknown
City/State/Zip: Unknown, Unknown, United States )

**What is your relationship to Allied Universal ?**
Employee

**HRID#**
9112850

**Please identify the person(s) engaged in this behavior:**
Travis Putman - site supervisor
Jim Davenport - supervisor

**Do you suspect or know that a supervisor or management is involved?**
Yes

**If yes, then who?**
Travis Putman, site supervisor
Jim Davenport, supervisor

**Is management aware of this problem?**
No

**What is the general nature of this matter?**
Travis has been discriminating against Tamara. Travis discriminates against Tamara's race and ethnicity.

**Where did this incident or violation occur?**
49 Green Pace Rd.
Dedulon, NC 27597

**Please provide the specific or approximate time this incident occurred:**
on April 4, 2021

**How long do you think this problem has been going on?**
3 months to a year

**How did you become aware of this violation?**
It happened to me

**Details**
Since July 4, 2020, Travis has been discriminating against Tamara. Travis discriminates against Tamara's race and ethnicity. It was not known why Travis discriminates against Tamara. Travis is a Caucasian individual. and Tamara is an African American individual. Travis makes ignorant, condescending, discriminatory, and racially motivated statements about Tamara's hair. While it was raining, Tamara told Travis that she needed to run outside to retrieve something from her car. Travis asked Tamara, "Well aren't afraid that you hair is going to get wet and start smelling like wet dog." Tamara was experiencing some trouble fixing a stapler in the office, and she took a while to fix the stapler. When Tamara fixed the stapler Travis said, "It's okay that you took a while, I know you graduated from public school." Tamara confronted Travis about this matter, but he continues making discriminatory comments about Tamara's hair.

On April 4, 2021, Jim approached Toni Silver, security officer, and said to Tony, "Aren't you afraid that a bird is going to fly in that nest and make a nest in there." There were two employees (names and job titles unknown) that witnessed Jim making this comment to Tony.

On July 2, Travis told Tamara, "So Tamara I got a question, so your hair is woven in, is it heavy?" Tamara responded, "No it is not," and Travis asked Tamara, "Well how many times have you got it caught in the door?" Tamara explained that her hair was never caught in a door, and she asked Travis, "Why would you ask me something like that." Travis laughed then responded to Tamara and said, "I'm looking forwarding to day you come in here and say that your hair was caught in the door." Tamara noted that her hairstyles have been in compliance with Allied Universal policy, and there was no reason for Travis to question Tamara's hairstyles, but Travis continues to make comments towards Tamara about her hair. These concerns were not reported to management.

**Uploaded Files**
1. 4D6080EA-CED4-4E7B-9086-32FE1E6D0776.jpeg

8:35 LTE

aus.ethicspointvp.com

the point of asking me these types of questions? It's simply disrespectful because I'm certain if I were a different person it wouldn't be asked. It's common sense to process thoughts & think before speaking. Travis has not changed his behavior since confronting and reporting his original statements & still even after a "Zero Tolerance Policy" memo continues to demean, discriminate, disrespect, and humiliate me as well as others. No appreciation is being shown.

**Follow-Up Notes**

7/6/2021 7:16 PM

These are the things Travis has stated towards me while being in front of other colleagues & coworkers prior to the April 4th memo.

"aren't you afraid your extensions will get wet & begin to smell like wet dog." After telling him I forgot something in my car and was going to retrieve it. At the time scattered rainstorms were approaching & raining had already begun.

"we should accept ppl for their differences, it maybe something I don't like about someone but I'm going to deal with it. For example, I can say I don't like your hair but I'm still going to come to work and deal with it." After randomly starting a conversation with me. I believe he was trying to compare a separate incident where a former coworker Sherrial Phelps whom he has referred to as Shenaynay had a disagreement with again Jim Davenport.

"I remember being in Walmart when a black guy came up to me and said he wanted to get my cart because you know white ppl are cleaner than black folks." He has repeatedly told this story numerous times on several occasions with outside visitors in the office. Again, what's the purpose? What is the reason to constantly tell a story like that? To insinuate what exactly?...

7/8/2021 6:50 PM

Travis Putnam has made several inappropriate & offensive comments towards myself and other coworkers. He ignorantly decides to discuss the most triggering topics here in the office by voicing his biased views & opinions on politics, racial injustices, slavery, and cultural/ethnic differences. Shortly after starting here the first occurrence was him asking me if I feared my weave braids smelling of wet dog if I stepped outside in the rain. Also him demeaning me by making uncalled for comments while in front of coworkers and visitors "it's okay, I understand you came from a public education." after I figured out why the stapler wasn't working correctly. He has blatantly disrespected me by saying how he didn't like my dreadlocks but would continue dealing with it. There's no reason I should have to come to work to face discrimination, and to get asked the most absurd questions about my hairstyles that he wouldn't dare ask another woman. After I confronted him and told him I didn't like his behavior he apologized & promised that it would stop... but just on last week he decided again to make a joke about hair by saying "so Tamara I have a question, is your hair woven in... is it heavy?" I answered short "clearly they're braids & no..." he laughed then continued on "how many times has your weave been caught in a door? I look forward to the day you come in and say it has." I replied "never!" & left out the office. My thing is why ask those type of questions, for what reason? It's uncomfortable and unnecessary. My hairstyles and the way it grows out of my head is in compliance with AUS policy so I'm confused as to why he thinks it's appropriate to say such things.

7/12/2021 2:05 PM

Danesha Faison (252)315-7161

7/12/2021 2:24 PM

I'm also reporting Mike Douglass the 2nd shift supervisor as well as Jim Davenport & Travis Putnam. Micheal Douglass has made very sexually explicit comments towards myself & Danesha Faison a former coworker who resigned after Michael Douglass continued to harass her & express sexual innuendos. I've provided her contact info. Michael Douglass randomly stated to me one evening while working overtime "did you know that if you walk to the bathroom at a certain angle the camera can't capture which one you go into?.." I was caught off guard by his comment, disgusted, and embarrassed. Why as a grown married man, a shift leader, is he saying these types of things to a woman? He also would tell me how he was so infatuated with Danesha Faison and how he would "fuck with her" if he wasn't married. Michael Douglass has disrespected the client Mrs. Teresa when she asked why he didn't have a mask when at the time the state & this site required one. His response was "I don't have to wear a fucking mask because it's my constitutional right." There's a no profanity rule listed in AUS policy for him to use that type of language towards the CLIENT is so disrespectful and unacceptable. It's unfair to reprimand only certain employees. Travis is not fit for a supervisor position because of his attitude towards people in general. He chooses when to scold & who. Certain officers get away with not doing patrols while others are monitored/micro managed about completing patrols. Travis made it a point to tell Danesha Faison she could not wear black and white shoes but just recently Micheal Douglass wore a similar colored shoe for a nearly a month & nothing was said to him. He would report to his shift with no mask after already testing positive for COVID-19 risking the health of myself and putting others in harms way.

7/12/2021 2:49 PM

I hope this establishment takes my complaint(s) seriously and reprimands according to the memo that was put out by Travis Putnam himself. EEOC protects individuals against this type of violation. Thank you.

7/13/2021 10:31 PM

We speak briefly over the phone, and I'm not sure if you fully grasp the scope of what's actually going on here at this site. I misspoke and said Jim Davenport hadn't directly disrespected me but he has. Jim has only been on post roughly 6 months so for him to come into a new environment to be disruptive is truly disgusting and shows his true character. My first hiccup with Jim was him pronouncing my first name incorrectly in which I immediately corrected him. He stated "tomato, tomorrow, it doesn't matter I just call you T." That's not my name. No where on my application did I put I would like to be called another name other than TAMARA. The following day when I got to work he made it a point to STILL not use my first name and said "good morning, security officer Jones." I said to him slowly my name again and said if you aren't able to call me by that then please do not speak to me at all. My name does matter whether he realizes or not but that there is discrimination. For him to be the age he is I'm sorry but I didn't agree when you said that you would remind Jim of the rules.... at this stage in game WE ALL KNOW THE RULES. The 3 officers that I named in this report shouldn't be reminded of anything they should be reprimanded following policy.

7/13/2021 10:31 PM

We speak briefly over the phone, and I'm not sure if you fully grasp the scope of what's actually going on here at this site. I misspoke and said Jim Davenport hadn't directly disrespected me but he has. Jim has only been on post roughly 6 months so for him to come into a new environment to be disruptive is truly disgusting and shows his true character. My first hiccup with Jim was him pronouncing my first name incorrectly in which I immediately corrected him. He stated "tomato, tomorrow, it doesn't matter I just call you T." That's not my name. No where on my application did I put I would like to be called another name other than TAMARA. The following day when I got to work he made it a point to STILL not use my first name and said "good morning, security officer Jones." I said to him slowly my name again and said if you aren't able to call me by that then please do not speak to me at all. My name does matter whether he realizes or not but that there is discrimination. For him to be the age he is I'm sorry but I didn't agree when you said that you would remind Jim of the rules.... at this stage in game WE ALL KNOW THE RULES. The 3 officers that I named in this report shouldn't be reminded of anything they should be reprimanded following policy.

**Follow-Up Questions/Comments**

**7/9/2021 6:06 PM posted by Organization**

I have received your concerns and will be investigating.

**7/9/2021 10:01 PM posted by Reporter**

Toni Silver (919) 917-4864

Stacy Wilson (919) 274-0028

Okay, thank you. [redacted]

7/13/2021 11:37 PM posted by Organization

STATE OF NORTH CAROLINA
BOARD OF REVIEW

35063782

IN THE MATTER OF: Higher Authority Decision No. 22-HA-002188

| Claimant | Employer |
| --- | --- |
| Tamara Jones<br>1608 Pecan Ct N Apt C<br>Wilson, NC 27893 | Universal Protection Service Llc<br>Employment Tax Servicing Corp<br>P.O Box 1180<br>Londonderry, NH 03053 |
| Claimant | Employer |

Pursuant to N.C. Gen. Stat. § 96-15(e), this cause came before the Board of Review ("Board") to consider the **Claimant's appeal** from a decision by Appeals Referee COURTNEY BRYANT under Appeals Docket No 22-LA-013804. Claimant filed an appeal on March 23, 2022 to the Board of Review. **Claimant's appeal was initially received and processed by the Chief Counsel's Office of the Division of Employment Security. The Counsel's Office did not forward this appeal to the Board for consideration until August 8, 2022.** As a result of this delay, the Board has dealt with this matter expeditiously. The record evidence has been reviewed in its entirety.

There remain issues of material fact, the resolution of which, require further inquiry and additional evidence. First, the claimant and the employer (as described in its response to the DES) both agree that the claimant was discharged for an alleged violation of company policy regarding a text message sent by the claimant on September 27, 2021. Neither the claimant nor the employer provided the actual contents of this text message during the hearing. The parties, specifically the employer as it bears the burden of proof in a claim of discharge for policy violation, must provide a copy of the contents of the text message for consideration during the remanded hearing.

Second, the claimant has alleged racial, sexual, and religious discrimination by three individuals against herself and co-workers, including claimant's witness (Stacy Linda Wilson). The claimant identified these three individuals as shift leader James Davenport, shift leader Michael Douglass, and site supervisor Travis Putnam. The claimant introduced her complaint filed with Human Resources into the record and testified that no corrective action was undertaken by the employer. Ms. Wilson testified that Mr. Putnam made comments disparaging her appearance and her religious affiliation. Furthermore, the text message at the center of claimant's termination was sent by the claimant to Mr. Davenport regarding his alleged behavior towards claimant's co-workers. Accordingly, the sworn testimony of Mr. Davenport is crucial in determining the nature and context of claimant's text message and whether the message was in violation of company policy. The testimony of Mr. Putnam and Mr. Douglass would also elucidate the events precipitating claimant's discharge. The Appeals Referee must inquire as to the outcome of the claimant's complaint to Human Resources against the aforementioned three individuals. What did the investigation involve? Was anyone found to have engaged in discriminatory behavior or harassment? Have other employees, besides the claimant and her witness Ms. Wilson, complained of discrimination and/or harassment at this site? Were any corrective actions implemented? If so, what actions were taken by the employer to ensure that employees are insulated from discrimination and harassment.

35063782

Finally, there is ambiguity regarding claimant's termination and prior suspension. The claimant states that she was placed on suspension on September 28, 2021, while the claimant was on a pre-scheduled vacation between September 28, 2021 through October 4, 2021. The claimant testified that Mr. Clark, the operations manager, contacted her to speak with him in-person regarding the text message and her consequent suspension. The claimant was already out of town due to her planned vacation, so she told Mr. Clark that she would be back and able to meet with him on October 4, 2021. Claimant testified that she was then promptly terminated effective October 3, 2021. The Appeals Referee must inquire as to the reason the employer chose to escalate claimant's suspension to discharge.

Based on the foregoing, the cause must be remanded to the Appeals Referee to conduct a hearing to elicit additional evidence as described in the preceding paragraph(s).

The Appeals Referee must set aside the Appeals Decision and issue a new decision with new findings of fact and conclusions of law. The new findings of fact shall state the procedural history of the remands, a summary of the requirements of the remand orders, and the parties and witnesses appearing at each hearing conducted in the matter. Although the Appeals Referee may incorporate previous findings of fact into the new decision in the interest of judicial economy, it would be inappropriate and usually reversible error for the Appeals Referee to merely recite findings of fact made in previous decisions. Additional findings must be made, and it must be evident from the new decision following the hearing on remand, that the Appeals Referee heard and considered the evidence, and complied with the remand order of the Board.

The cause is **REMANDED** for further proceedings consistent with this decision.

IT IS ORDERED that all interested parties shall be duly notified as to the time and place of the hearing on remand, and the Appeals Referee shall identify the new decision at the conclusion of the hearing by using all previously assigned docket numbers.

IT IS FURTHER ORDERED that all documents contained in the record transmitted to the Appeals Referee with this decision, including the appeal and all other correspondence or documents by whatever name or designation, shall be marked as exhibits and entered into the record by the Appeals Referee on remand to complete the record as required by law.

IT IS ALSO ORDERED that a decision in this matter shall be mailed as soon as possible from the date of receipt of the remanded record in the Appeals Section.

Board of Review members Jean Farmer-Butterfield and Regina S. Adams participated in this appeal and concur with this decision.

This the 9th Day of August, 2022.

BOARD OF REVIEW

## North Carolina Department of Commerce
## Division of Employment Security

ISSUED BY THE
NORTH CAROLINA PRIVATE PROTECTIVE SERVICES
TAMARA AMBER JONES
C4DDFJOVYR
ALLIED UNIVERSAL SECURITY SERVICES
001063P2B
CERTIFIED
REGISTERED EMPLOYEE
UNARMED GUARD
EXP DATE 12/31/2020
ENDORSEMENT(S)
PPS



NORTH CAROLINA DRIVER LICENSE
NOT FOR FEDERAL IDENTIFICATION
COMMISSIONER OF MOTOR VEHICLES
4d DLN 000030352218
3 DOB 10/03/1993
4b EXP 10/03/2029



1 JONES
2 TAMARA AMBER
8 1608 PECAN CT N
APT C
WILSON, NC 27893-7414
9 CLASS C 9a END NONE
12 RESTR NONE
15 SEX F 18 EYES BRO
16 HGT 5'-07" 19 HAIR BLK RACE
4a ISS 10/30/2021
5 DD 0031110001
10/03/93

Work Sea...

Claimant

Claimant II

### Work Search Requirements for Unemployment Benefits

Employment Security Law N.C.G.S. 96-14.9(e) requires you to be **registered for work** on www.ncworks.gov and to be **actively seeking work** each week to receive unemployment benefits. You are required to make contact with at least three potential employers each week you claim benefits. One of your three weekly contacts may be satisfied by participating in a reemployment activity, such as a workshop, self-assessment or career fair, offered by an NCWorks Career Center or a partnering agency. For more information about valid work search contacts, review the Work Search Guidelines included with this form.

You are also required to keep a record of your work search activities. Your work search record is subject to audit by NCDES and should be retained for five years. Failure to keep an adequate and verifiable record for any week claimed may result in a denial, delay, and/or overpayment of benefits.

**You may use this form to keep a record of your work search activities. Additional blank forms are available on des.nc.gov. For each contact, your work search record must include:**

- Date of the employer contact or reemployment activity.
- Name of the company contacted or reemployment activity attended.
- The position you are seeking.
- Name of contact person (if applicable).
- Contact method (in person, by phone, by email, online, by fax, etc.). Attach confirmation emails or confirmation numbers for any online contacts.
- Contact information for the company contact or activity (website, email address, fax number, telephone number, physical address, etc.). If you are using an employment website, provide the name of the employer with whom you are applying AND the name of the employment website.
- Results of the contact or activity (submitted application, second interview, completed activity, not hiring, etc.).

| Week# ____ Beginning Sunday (Date) ____ | | Ending Saturday (Date) ____ | |
|---|---|---|---|
| 1. Date of Contact or Activity | Company or Activity: | Contact Name: | Result: |
| | | Contact Method: | |
| | Position Sought: | Contact Information: | |
| 2. Date of Contact or Activity | Company or Activity: | Contact Name: | Result: |
| | | Contact Method: | |
| | Position Sought: | Contact Information: | |
| 3. Date of Contact or Activity | Company or Activity: | Contact Name: | Result: |
| | | Contact Method: | |
| | Position Sought: | Contact Information: | |

formNm_28.0.0

Help us prevent UI Fraud. Report suspected UI Fraud online at des.nc.gov
Post Office Box 25903 Raleigh, North Carolina 27611-5903

Updated 5-25-21

ALLIED UNIVERSAL
SECURITY SERVICES

From: Travis Putnam- Site Supervisor
To: All Officers
Subject: Zero Tolerance policy
Date: April 4, 2021

Team,

Just want to send out an important reminder to everyone. There is a lot going on in the world and people's lives lately and it's important to remember that everyone has a right to their own opinions and views on things. No one should be afraid to come to work because their opinions/views are different. Allied Universal has a zero tolerance policy and no one should have to put up with jokes or comments of any kind on matters such as race, gender, political views etc. Please remember to be respectful of other people's views/opinions. I will copy and paste the AUS zero tolerance policy below. Please be aware if you choose to violate this policy it will result in termination.

Policy out of Oct 2020 handbook

Any act of discrimination, harassment, bullying or retaliation, telling offensive or inappropriate jokes, making racial or ethnic slurs, or any other violation of the Company's zero-tolerance discrimination or harassment policies, including failure to report such incidents to the Company's management.

4600 Marriott Dr. Ste 510 • Raleigh, NC 27612 • T: 919.781.8822 • F: 919.571.8561