IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-291-BO-BM

| | |
|---|---|
| TAMARA AMBER JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNIVERSAL PROTECTION SERVICE, ) | |
| LLC, d/b/a ALLIED UNIVERSAL, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on defendant's motion to dismiss plaintiff's complaint and motion to strike plaintiff's amended complaint. The appropriate responses and replies have been filed, or the time for doing so has expired, and the motions are ripe for ruling.

BACKGROUND

Plaintiff, then proceeding *pro se*, instituted this action by filing a complaint in Wilson County, North Carolina Superior Court. Her complaint alleged a single claim under Title VII of the Civil Rights Act of 1964, as amended, for employment discrimination. 42 U.S.C. §§ 2000e, *et seq*. Defendant, identified in the original complaint as Allied Universal Security Services, removed the action to this Court pursuant to its federal question jurisdiction on May 30, 2023. [DE 1]. On June 6, 2023, defendant moved to dismiss plaintiff's complaint pursuant to Rules 12(b)(2), (4), and (5) of the Federal Rules of Civil Procedure. [DE 6]. Because plaintiff was proceeding *pro se* and had not been authorized to receive electronic filings, her twenty-one day deadline to respond to the motion to dismiss was June 30, 2023. *See* Fed. R. Civ. P. 6(d); Local Civil Rule 7.1(f).

Plaintiff, through counsel, filed an amended complaint on June 30, 2023. The amended complaint substitutes Universal Protection Service as the proper party-defendant and a summons for Universal Protection Service was issued. On July 14, 2023, defendant moved to strike the amended complaint as having been improperly filed. Defendant contends that the time for filing an amended complaint without leave had passed, citing Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure. Rule 15(a)(1)(A) provides that a party may amend her complaint once as a matter of course 21 days after serving the complaint.

## DISCUSSION

Plaintiff did not amend her complaint within 21 days of serving it. However, Rule 15 of the Federal Rules of Civil Procedure also states that a "party may amend its pleading once as a matter of course within ... 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). After a party may no longer amend her complaint as a matter of course, Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citations omitted).

Plaintiff filed her complaint within the time provided in Rule 15(a)(1)(B) and Rule 6(e) because, at the time the motion to dismiss was filed, and thus the 21-day period for filing an amended complaint as of right commenced, plaintiff was proceeding *pro se* and receiving service of filings via the United States Postal Service. *See also Tucker Auto-Mation of N. Carolina, LLC v. Rutledge*, No. 1:15-CV-893, 2016 WL 11590593, at *2 n.3 (M.D.N.C. Sept. 23, 2016) (applying

2

three mail days to 21-day period to amend complaint in response to a Rule 12(b) motion). Alternatively, the Court would grant plaintiff leave to amend under Rule 15(a)(2) in light of the preference to resolve cases on their merits rather than technicalities. The motion to strike is therefore denied. Because an amended complaint has been filed, defendant's motion to dismiss the original complaint is moot. *See Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017).

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion to dismiss [DE 6] is DENIED AS MOOT and defendant's motion to strike [DE 12] is DENIED.

SO ORDERED, this __1__ day of November 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE